# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MITEL NETWORKS CORPORATION and MITEL (DELAWARE), INC., <br><br>    Plaintiffs, <br>    v. <br><br>FACEBOOK, INC., <br><br>    Defendant. | Case No. 1:12-cv-00325-GMS |

## DEFENDANT FACEBOOK INC.'S MOTION TO DISMISS
## PURSUANT TO FED. R. CIV. P. 12(B)(6)

Dated:  May 9, 2012            BLANK ROME LLP

By: */s/ Steven L. Caponi*
Steven L. Caponi (DE Bar #3484)
12 N. Market Street
Wilmington, DE  19801
302-425-6400
Fax: 302-425-6464
*Attorneys for Defendant Facebook, Inc.*

128605.00608/40201214v.1

TABLE OF CONTENTS

Page

I. NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 1

II. SUMMARY OF ARGUMENT ........................................................................................ 1

III. STATEMENT OF FACTS ALLEGED ............................................................................ 2

IV. LEGAL STANDARD FOR RULE 12(B)(6) MOTION TO DISMISS ........................... 3

V. THE COMPLAINT FAILS TO STATE A CLAIM FOR INDIRECT
INFRINGEMENT ............................................................................................................. 4

    A. Mitel Has Not Adequately Pled Inducement To Infringe ..................................... 4

        1. Inducement To Infringe Requires Knowledge And Specific Intent .......... 4

        2. Mitel's Inducement Allegations Do Not Support A Plausible
Inference That Facebook Knew The Accused Acts Infringed Or
That Facebook Had The Specific Intent To Induce Any
Infringement ............................................................................................... 4

    B. Mitel Has Not Adequately Pled Contributory Infringement ................................. 6

        1. Contributory Infringement Requires Knowledge Of Infringing Use ......... 6

        2. Mitel's Contributory Infringement Allegations Do Not Support A
Plausible Inference That Facebook Knew The Accused Acts
Infringed ..................................................................................................... 6

VI. THE COMPLAINT FAILS TO STATE A CLAIM FOR WILLFUL
INFRINGEMENT ............................................................................................................. 7

    A. Mitel Has Not Adequately Pled Willful Infringement .......................................... 7

        1. Willful Infringement Requires Pre-Filing Recklessness ............................ 7

        2. Mitel's Willful Infringement Allegations Do Not Support A
Plausible Inference That Facebook Knew Or Should Have Known
That It Acted Despite An Objectively High Likelihood Of
Infringement ............................................................................................... 8

VII. CONCLUSION ................................................................................................................. 8

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Air Vent, Inc. v. Owens Corning Corp.*,
   No. 02:10-cv-01699, 2011 WL 2601043 (W.D. Pa. June 30, 2011) ......................................6, 7

*Alloc, Inc. v. Int'l Trade Comm'n*,
   342 F.3d 1361 (Fed. Cir. 2003).........................................................................................6

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
   24 F.3d 178,186-87 (Fed. Cir. 1994) ................................................................................5, 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).........................................................................................................3, 4, 5

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)..........................................................................................................3, 5

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   131 S. Ct. 2060 (2011)......................................................................................................4

*GTE Wireless, Inc. v. Qualcomm, Inc.*,
   192 F.R.D. 284 (S.D. Cal. 2000) ........................................................................................5, 8

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   695 F. Supp. 2d 680 (S.D. Ohio 2010) ...............................................................................6

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir. 1997).............................................................................................3, 4

*In re Seagate Tech., LLC*,
   497 F.3d 1360 (Fed. Cir. 2007) (*en banc*) .........................................................................7

*Mallinckrodt, Inc. v. E-Z-Em Inc.*,
   670 F. Supp. 2d 349 (D. Del. 2009)....................................................................................6

*Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC*,
   Civ. No. 10-666-SLR, 2011 WL 941197 (D. Del. Mar. 16, 2011).......................................5, 8

*Nuance Commc'ns Inc. v. Tellme Networks Inc.*,
   707 F. Supp. 2d 472 (D. Del. 2010)....................................................................................7

*Pharmastem Therapeutics, Inc. v. Viacell, Inc.*,
   491 F.3d 1342 (Fed. Cir. 2007)..........................................................................................7

## **TABLE OF AUTHORITIES (CON'T)**

*Soverain Software LLC v. Amazon.com, Inc.*,
  383 F. Supp. 2d 904 (E.D. Tex. 2005) ................................................................................5, 8

*SRI Int'l Inc. v. Internet Sec. Sys., Inc.*,
  647 F. Supp. 2d 323 (D. Del. 2009) ........................................................................................4

*Vita-Mix Corp. v. Basic Holding, Inc.*,
  581 F.3d 1317 (Fed. Cir. 2009) ...............................................................................................4

*Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Doors, LLC*,
  No. 10CV677 JLS (MDD), 2012 WL 202664 (S.D. Cal. Jan. 23, 2012) ..............................5, 8

**STATUTES**

35 U.S.C. § 271(b) .............................................................................................................................1, 4

35 U.S.C. § 271(c) ..........................................................................................................................1, 6, 7

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6) .......................................................................................1, 3

## I.     NATURE AND STAGE OF THE PROCEEDINGS

On March 16, 2012, Plaintiffs Mitel Networks Corp. and Mitel (Delaware), Inc. (collectively "Mitel") filed their complaint (D.I. 1) ("Complaint") in this Court against Facebook, Inc. ("Facebook") alleging infringement of U.S. Patent No. 5,940,834 (the "'834 Patent"), entitled "Automatic Web Page Generator," and U.S. Patent No. 7,292,685 (the "'685 Patent"), entitled "Pro-Active Features For Telephony" (collectively "the asserted patents"). Facebook now respectfully moves this Court to dismiss Mitel's claims for induced, contributory, and willful infringement pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.    SUMMARY OF ARGUMENT

1.     The Complaint does not state a claim for inducement to infringe. An inducement claim requires plausible allegations that the defendant both knew of the patent-in-suit and knowingly induced acts that it knew constituted patent infringement with a specific intent to do so. The Complaint fails to allege facts sufficient to support a plausible inference that Facebook induced acts that it knew constituted infringement of the asserted patents.

2.     The Complaint does not state a claim for contributory infringement. Contributory infringement requires that the defendant knew both of the asserted patent and that use of its products and services infringe that patent. The Complaint fails to allege facts sufficient to support a plausible inference that Facebook knew that the use of the accused products and services infringed the asserted patents.

3.     The Complaint does not state a claim for willful infringement. An essential element of willfulness is the pre-filing reckless disregard of a high likelihood of infringement. The Complaint fails to allege facts sufficient to support a plausible inference that Facebook knew or should have known of the alleged infringement before Mitel filed this lawsuit, let alone that Facebook acted in reckless disregard of the alleged infringement.

4. Accordingly, Facebook respectfully requests that Mitel's claims of inducing infringement (35 U.S.C. § 271(b)), contributory infringement (35 U.S.C. § 271(c)), and willful infringement be dismissed and that the Court strike Mitel's prayer for enhanced damages and other relief based on Mitels's willful infringement claims.

### III. STATEMENT OF FACTS ALLEGED

Mitel's induced infringement, contributory infringement, and willful infringement allegations do not support a plausible inference that Facebook knew or intended that the activities alleged in the Complaint infringed the asserted patents. Instead, Mitel offers only the conclusory allegation that Facebook induced infringement with "specific intent and knowledge that the web-based services and products, materials and instructions direct, teach or assist others to infringe the '834 patent." (Complaint ¶ 12 ('834 patent); *see also id.* ¶ 19 (verbatim allegations regarding the '685 patent).) Similarly, Mitel alleges that Facebook contributed to infringement by "knowing that [products and services] are especially made or adapted for use in infringement of the '834 patent." (Complaint ¶ 13 ('834 patent); *see also id.* ¶ 20 (verbatim allegations regarding the '685 patent).) And Mitel offers the bare conclusion that "Facebook's acts of infringement have been willful . . . ." (Complaint ¶ 15 ('834 patent); *see also id.* ¶ 22 (verbatim allegations regarding the '685 patent).)

To support its allegations of pre-suit knowledge and intent, Mitel apparently relies entirely on two unsolicited licensing opportunity letters that it sent to Facebook:

> Facebook has actual knowledge of Mitel's patents and has been aware of the '834 patent since at least as early as July 2011, when Mitel sent Facebook a letter identifying the '834 patent. Mitel sent Facebook a letter dated July 14, 2011 and a second letter dated September 16, 2011, offering to discuss possible licensing arrangements regarding the Mitel patents.

(Complaint ¶ 11 ('834 patent); *see also id.* ¶ 18 (same allegation regarding the '685 patent).) But both letters—with subject "Re: Mitel Licensing Opportunity"—fail to allege infringement or

2.

even question Facebook's activities. Instead, they offer to help Facebook in an unrelated litigation:

> In particular, I would like to initially call your attention to U.S. Patent Nos. 5,940,834 and 7,292,685 which we believe are of relevance to your business. Among other benefits, the '834 patent may provide strategic value in your current litigation with Telepublishing Inc.

(*See* Declaration of Andrew C. Mace ("Mace Decl."), Ex. A at 2 (July 14, 2011 letter).) The letter dated September 16, 2011, simply follows up on the earlier correspondence:

> As you may recall I was writing to you with respect to the patent and technology licensing program of Mitel Networks Corporation and certain initial patents that may be of value to Facebook.

(Mace Decl., Ex. A at 1 (Sept. 16, 2011 letter).)[1] Mitel's Complaint alleges no other facts relevant to Facebook's pre-suit knowledge of the asserted patents or of the alleged infringement.

## IV. LEGAL STANDARD FOR RULE 12(B)(6) MOTION TO DISMISS

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, if accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To satisfy this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679 (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded

---

[1] Although Mitel's licensing opportunity letters were not physically attached to the Complaint, the Court may consider them with regard to this motion because a "document *integral to or explicitly relied upon* in the complaint" may be considered on a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original).

facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has failed to show that the pleader is entitled to relief and it should therefore be dismissed. *Iqbal*, 556 U.S. at 679. "Document[s] *integral to or explicitly relied upon* in the complaint" may be considered on a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426 (emphasis in original).

## V. THE COMPLAINT FAILS TO STATE A CLAIM FOR INDIRECT INFRINGEMENT

### A. Mitel Has Not Adequately Pled Inducement To Infringe

#### 1. Inducement To Infringe Requires Knowledge And Specific Intent

To prove inducement of infringement under 35 U.S.C. § 271(b), Mitel must show that Facebook knew of the asserted patents and knowingly induced acts that it knew constituted patent infringement with a specific intent to do so. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011) ("Accordingly, we now hold that induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement."); *see also Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) (a claim for inducement "requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent"). Specific intent requires more than "mere knowledge of possible infringement." *Id.* Specific intent requires that "the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements." *SRI Int'l Inc. v. Internet Sec. Sys., Inc.*, 647 F. Supp. 2d 323, 335 (D. Del. 2009) (Robinson, J.) (internal quotations and citations omitted).

#### 2. Mitel's Inducement Allegations Do Not Support A Plausible Inference That Facebook Knew The Accused Acts Infringed Or That Facebook Had The Specific Intent To Induce Any Infringement

Mitel's conclusory allegations of induced infringement do not state a claim upon which relief can be granted because they do not support a plausible inference that Facebook had pre-filing knowledge that the accused acts infringed or that Facebook had the specific intent to

4.

induce infringement. The Complaint apparently relies solely upon a speculative inference from Mitel's pre-suit licensing opportunity letters to Facebook. But the letters simply offer to license Mitel patents so Facebook can use them in defending an unrelated litigation. The letters contain no allegation of infringement nor do they provide any reason for Facebook to contemplate that its own products and services might infringe. *See Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Doors, LLC*, No. 10CV677 JLS (MDD), 2012 WL 202664, at *5 (S.D. Cal. Jan. 23, 2012) ("Importantly, however, the Patent License Opportunity letter that accompanied the copies of the patents in no way alerted Defendants to the potentiality of infringement. Instead, the letter merely informed Defendants that [Plaintiff] 'has received patents . . . and is considering making these patents available for license to qualified companies.'"); *cf. GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 288 (S.D. Cal. 2000) (letter to a technology industry association was found to be only informational in nature where the patentee stated it owned the patent and would license it to anyone interested in using it but made no accusations against anyone purportedly using the technology); *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178,186-87 (Fed. Cir. 1994) (letter warning industry not to infringe without making any specific charge against a party found not to constitute actual notice); *Soverain Software LLC v. Amazon.com, Inc.*, 383 F. Supp. 2d 904, 911 (E.D. Tex. 2005) (meeting to discuss proposal to license software without more is insufficient to evidence actual notice of infringement). Moreover, it is simply speculation that anyone at Facebook reviewed the patents for any reason at all. As the letter dated September 16, 2011 notes, "I am writing to follow up on a letter I sent to you . . . as I have not yet received your reply," and neither letter appears to have enclosed copies of the patents. (Mace Decl., Ex. A. at 1) Because the letters fail to allege infringement and fail even to give Facebook a reason to consider such a possibility, the Complaint "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC*, Civ. No. 10-666-SLR, 2011 WL 941197, at *3-4 (D. Del. Mar. 16, 2011) (Robinson,

J.) (granting motion to dismiss indirect infringement claims where the complaint failed to specify how the defendants were notified of their alleged infringement).

Accordingly, the Complaint does not state a plausible claim for inducing infringement, and Facebook respectfully submits that the Complaint's inducement claims should be dismissed.

### B. Mitel Has Not Adequately Pled Contributory Infringement

#### 1. Contributory Infringement Requires Knowledge Of Infringing Use

A well-pleaded complaint for contributory infringement must, among other things, allege facts sufficient to show that the alleged contributory infringer knew of the patent-in-suit and that its product would be used in an infringing configuration. *See* 35 U.S.C. § 271(c); *Alloc, Inc. v. Int'l Trade Comm'n*, 342 F.3d 1361, 1374 (Fed. Cir. 2003). Without "a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing," Mitel cannot state a claim of contributory infringement. *Mallinckrodt, Inc. v. E-Z-Em Inc.,* 670 F. Supp. 2d 349, 354-55 (D. Del. 2009) (Farnan, J.) (internal quotations and citation omitted); *see also In re Bill of Lading Transmission & Processing Sys. Patent Litig.,* 695 F. Supp. 2d 680, 684-87 (S.D. Ohio 2010) (dismissing contributory infringement claims because "complaints [did] not allege that any Defendant especially designed their product for infringing use by others, or any facts demonstrating Defendants' knowledge of such use."); *Air Vent, Inc. v. Owens Corning Corp.*, No. 02:10-cv-01699, 2011 WL 2601043, at *5 (W.D. Pa. June 30, 2011) (same).

#### 2. Mitel's Contributory Infringement Allegations Do Not Support A Plausible Inference That Facebook Knew The Accused Acts Infringed

As with its inducement allegations, Mitel's contributory infringement allegations are legally insufficient. The Complaint again apparently relies solely upon Mitel's licensing opportunity letters for the speculative inference that Facebook had pre-filing knowledge that use of the accused products and services infringed the asserted patents. But again, that inference is

6.

128605.00608/40201214v.1

J.) (granting motion to dismiss indirect infringement claims where the complaint failed to specify how the defendants were notified of their alleged infringement).

Accordingly, the Complaint does not state a plausible claim for inducing infringement, and Facebook respectfully submits that the Complaint's inducement claims should be dismissed.

### B. Mitel Has Not Adequately Pled Contributory Infringement

#### 1. Contributory Infringement Requires Knowledge Of Infringing Use

A well-pleaded complaint for contributory infringement must, among other things, allege facts sufficient to show that the alleged contributory infringer knew of the patent-in-suit and that its product would be used in an infringing configuration. *See* 35 U.S.C. § 271(c); *Alloc, Inc. v. Int'l Trade Comm'n*, 342 F.3d 1361, 1374 (Fed. Cir. 2003). Without "a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing," Mitel cannot state a claim of contributory infringement. *Mallinckrodt, Inc. v. E-Z-Em Inc.,* 670 F. Supp. 2d 349, 354-55 (D. Del. 2009) (Farnan, J.) (internal quotations and citation omitted); *see also In re Bill of Lading Transmission & Processing Sys. Patent Litig.,* 695 F. Supp. 2d 680, 684-87 (S.D. Ohio 2010) (dismissing contributory infringement claims because "complaints [did] not allege that any Defendant especially designed their product for infringing use by others, or any facts demonstrating Defendants' knowledge of such use."); *Air Vent, Inc. v. Owens Corning Corp.*, No. 02:10-cv-01699, 2011 WL 2601043, at *5 (W.D. Pa. June 30, 2011) (same).

#### 2. Mitel's Contributory Infringement Allegations Do Not Support A Plausible Inference That Facebook Knew The Accused Acts Infringed

As with its inducement allegations, Mitel's contributory infringement allegations are legally insufficient. The Complaint again apparently relies solely upon Mitel's licensing opportunity letters for the speculative inference that Facebook had pre-filing knowledge that use of the accused products and services infringed the asserted patents. But again, that inference is

not plausible because the letters fail to allege infringement and fail even to give Facebook a reason to consider that possibility. *See supra* Part III.

Accordingly, the Complaint does not plead a plausible claim for contributory infringement,[2] and Facebook respectfully submits that the Complaint's contributory infringement claims should be dismissed.

## VI. THE COMPLAINT FAILS TO STATE A CLAIM FOR WILLFUL INFRINGEMENT

### A. Mitel Has Not Adequately Pled Willful Infringement

#### 1. Willful Infringement Requires Pre-Filing Recklessness

To establish willful infringement, a patent owner must demonstrate by clear and convincing evidence that the infringer acted despite an "objectively high likelihood that its actions constituted infringement" and that this "objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). "[A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *Id.* at 1374. Thus, Mitel's willful infringement claims require a plausible allegation that Facebook knew or should have known of the risk of infringement before Mitel filed this action.

---

[2] Moreover, to the extent that Mitel's contributory infringement claims rely on Facebook's provision of services or on Facebook "making" or "using" its products (*see, e.g.*, Complaint ¶ 13), the claims should be dismissed. In *Pharmastem Therapeutics, Inc. v. Viacell, Inc.*, the Federal Circuit examined the language of 35 U.S.C. § 271(c) and concluded that "[a]lthough that language describes in various different ways the items that may be sold for purposes of creating liability for contributory infringement, all of the descriptions refer to the sale of a product of some sort; none of them refer to the provision of a service." 491 F.3d 1342, 1357 (Fed. Cir. 2007). Thus, "a patentee cannot predicate allegations of contributory infringement upon the defendant's provision of a service." *Nuance Commc'ns Inc. v. Tellme Networks Inc.*, 707 F. Supp. 2d 472, 487 (D. Del. 2010) (Robinson, J.). Nor is "making" or "using" a product sufficient for contributory infringement to arise—a sale, an offer to sell or importation is required. 35 U.S.C. § 271(c); *Air Vent*, 2011 WL 2601043, at *5.

### 2. Mitel's Willful Infringement Allegations Do Not Support A Plausible Inference That Facebook Knew Or Should Have Known That It Acted Despite An Objectively High Likelihood Of Infringement

Mitel's willfulness allegation reads in full: "Facebook's acts of infringement have been willful and are made with knowledge of Mitel's rights in the '834 patent. Such acts constitute willful and deliberate infringement, entitling Mitel to enhanced damages and reasonable attorney fees." (Complaint ¶ 15; *see also id.* ¶ 22 (verbatim allegation regarding the '685 patent).) As with its indirect infringement allegations, Mitel's willful infringement allegations are legally insufficient because they likewise rely solely upon Mitel's licensing opportunity letters, which raise no inference that Facebook knew or should have known it was acting despite an objectively high likelihood of infringement. As discussed above, those letters—which simply offered to help Facebook in an unrelated litigation—cannot reasonably be said to have alerted Facebook to any potential infringement. *See Weiland*, 2012 WL 202664, at *5; *Minkus Elec. Display Sys.*, 2011 WL 941197, at *3-4; *cf. GTE Wireless*, 192 F.R.D. at 288; *Amsted*, 24 F.3d at 186-87; *Soverain Software*, 383 F. Supp. 2d at 911.

Accordingly, because the Complaint does not plead a plausible claim for willful infringement, the Court should dismiss Mitel's willfulness claims and strike the prayer for enhanced damages and other relief based on that allegation.

## VII. CONCLUSION

For the foregoing reasons, Facebook respectfully requests that Mitel's claims of inducing infringement, contributory infringement, and willful infringement as to both the '834 patent and '685 patent be dismissed and that the Court strike Mitel's prayer for enhanced damages and other relief based on Mitel's willful infringement claims.

| | |
|---|---|
| Dated: May 9, 2012 | By: */s/ Steven L. Caponi* |
| OF COUNSEL: | Steven L. Caponi (DE Bar #3484)<br>**BLANK ROME LLP**<br>12 N. Market Street |
| Heidi L. Keefe<br>Mark R. Weinstein<br>Brian Wikner<br>Andrew C. Mace<br>**COOLEY LLP**<br>3000 El Camino Real<br>5 Palo Alto square, 4th floor<br>Palo Alto, CA 94306 | Wilmington, DE 19801<br>302-425-6400<br>Fax: 302-425-6464<br><br>*Attorneys for Defendant Facebook, Inc.* |
| Michael G. Rhodes<br>**COOLEY LLP**<br>101 California Street, 5th Floor<br>San Francisco, CA 94111-5800 | |

9.

128605.00608/40201214v.1